# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| XIANGNING WANG, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | No. 2:15-cv-04191-NKL |

## CONFIDENTIALITY ORDER

The parties' agreed request for entry of a confidentiality order [Doc. 35] is granted, and the Court orders as follows:

**1. Scope**

The protections conferred by this Stipulation and Order cover not only information designated as Confidential hereunder ("Protected Material"), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this or any other court order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a

source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of Protected Material at trial or other evidentiary hearing shall be governed by a separate agreement or order.

2. **Purpose and Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Agreed Confidentiality Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. For example, a designating party must designate for protection only those parts of a deposition or document that are confidential so that other portions of the deposition or document are not swept unjustifiably within the ambit of the Order. (Nothing herein precludes a designating party from considering and so designating an entire document to be Confidential.) Mass, indiscriminate, or routinized designations are not permitted and designations that are shown to be clearly unjustified or that have been made for an improper purpose may expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must notify the other Parties that it is withdrawing the mistaken designation.

2

### 3. Confidential Information

"Confidential Information" means information or documents that fall within one or more of the following categories:

(a) information prohibited from disclosure by statute;

(b) information that reveals trade secrets;

(c) research, technical, commercial or financial information that the party has maintained as confidential;

(d) medical information concerning any individual;

(e) personal information of individual persons, including policyholders;

(f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(g) proprietary business information or research, including but not limited to claim handling and damage estimating information;

(h) third parties' information that is subject to contractual confidentiality obligations;

(i) personnel or employment records of a person who is not a party to the case; or

(j) claim files as separately addressed below.

Information or documents that are available to the public may not be designated as Confidential Information.

### 4. Claim Files

Plaintiff has requested in discovery that Defendant produce a sample of Defendant's claim files which involve payments for structural losses during the proposed class

3

period. Plaintiff's discovery request requires Defendant to respond to "judicial process" as this term is used in the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 ("GLBA"). Accordingly, the Court finds that responding to the discovery request for a sample of claim files falls within the judicial process exception to the GLBA and hereby orders Defendant to produce a sample of claim files pursuant to the parties' agreement regarding the number of files to produce or as may be further ordered. All documents produced pursuant to this Order and the request for a sample of claim files shall be deemed "Confidential Information" subject to the same protections set forth in this Agreed Confidentiality Order, as well as other protections set forth herein. In the absence of further Court order, Defendant shall undertake reasonable measures to redact from the sample of claim files requested and produced pursuant to this Order: (a) medical or health information of policyholders and their family members, (b) social security numbers of policyholders and their family members, and (c) personal financial information such as bank account numbers and mortgage information of policyholders and their family members (not including claim payments made by Defendant). Defendant may also redact privileged attorney-client communications and attorney work product. The parties further agree that they will not publicly disclose in a filing with the Court or otherwise any non-public personal information of Defendant's policyholders that may be contained in the claim file production, including the identity of policyholders whose information is reflected in the sample claim file production, absent further court order.

**5. Designation**

A party may designate information or documents as Confidential Information for protection under this Order if it has a good faith belief that such information or documents contain Confidential Information as defined herein and that such designation is

4

in accordance with applicable law. The party may designate a document as Confidential Information by placing or affixing the words "Confidential" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "Confidential" shall be applied prior to or at the time the documents are produced or disclosed, subject to Paragraph 6 below. Marking the document "Confidential" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies of documents marked "Confidential" must also be so marked, except that indices, electronic databases or documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

## 6. Depositions

All deposition testimony taken in this case is treated as Confidential Information until

the expiration of the 14th business day after the transcript is delivered to any party. Deposition testimony designated as Confidential Information on the record at the time the testimony is taken is protected by this Order. Any party may also designate deposition testimony as Confidential Information by notifying all parties in writing within 7 business days after receipt of the final transcript. All transcript designations must specify the portions containing Confidential Information. This provision shall not prevent a witness from reviewing his or her deposition for correctness and signing or correcting her or his deposition during the 14-day period after receipt of the transcript.

### 7. Protection of Confidential Material

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) below for any purpose other than in this litigation, including any appeal. Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified, after the exhaustion of any appeals under Rule 23 (f), and in accordance with any orders of the Court. Plaintiffs and their counsel shall not use any Confidential Information to make contact with any members of the putative class, prior to an order certifying a class in this case. Nothing in this Protective Order shall be deemed to restrict in any way a producing party or its attorneys with respect to that party's own documents.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties may not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(viii) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential

6

Information:

(i) Counsel for the parties and employees of counsel who have responsibility for the action;

(ii) Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation;

(iii) The Court and its personnel;

(iv) Court reporters and recorders engaged for depositions;

(v) Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(vii) Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(viii) Other persons only by written consent of the producing party

7

or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel must maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8. **Inadvertent Failure to Designate**

An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

9. **Unauthorized Disclosure of Protected Material.**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this stipulated Confidentiality Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

10. **Inadvertent Production of Privileged Information.**

When a producing party gives notice to receiving parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

### 11. Filing of Confidential Information

All Confidential Information filed with the Court shall be filed in a sealed container on which must be written the caption of this action, the nature of the contents, the identity of the party filing the materials, and a statement in substantially the following form:

> Contains Confidential Information Subject to Protective Order,
> Open Only as Directed by the Court

### 12. Challenges by a Party to Designation as Confidential Information

A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by use of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this protective order by objecting in writing to the party who designated the document or information as Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

### 13. Non-Parties' Protected Material

(a) The terms of this Order are applicable to information produced by a

non- party in this action and designated as Confidential. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a party is required, by a valid, legally enforceable discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

(i) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non- party;

(ii) promptly provide the non-party with a copy of the stipulated Confidentiality Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the non-party.

(c) If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non- party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected

Material.

**14. Use of Confidential Documents or Information at Trial**

Nothing in this Order precludes a party from seeking further orders from the Court relative to the use of materials or documents designated as Confidential at hearings or trial.

**15. Confidential Information Subpoenaed or Ordered Produced in Other Litigation**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, promptly and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party will bear the its own costs of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its

possession, custody or control Confidential Information by the other party to this case.

**16.     Challenges by Members of the Public to Sealing Orders.**

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**17.     Obligations on Conclusion of Litigation**

(a)     Even after final disposition of this litigation or dismissal of claims by or against any party, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

(b)     Obligations at Conclusion of Litigation. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "Confidential" under this Order, including copies as defined in Paragraph 3, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify in writing the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

documents and certifies to the producing party that it has done so.

          (c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) any attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information will continue to be protected under this Order.

          (d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

### 18. Order Subject to Modification

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

### 19. No Prior Judicial Determination

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order is a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

### 20. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to the entry of this Order, no party waives any right it

otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**21.   Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. This Order shall also apply to any Confidential Information produced in connection with this litigation prior to the entry of this Order. A non-party that produces documents or provides testimony in this case may designate such information as Confidential Information, provided that the non-party agrees to be bound by this Agreed Protective Order and executes the Acknowledgment attached as Exhibit A.

**22.   Complete Agreement**

This Agreed Protective Order contains the entire agreement between the parties and supersedes any prior agreements between them respecting the subject matter hereof. There are no agreements (oral or written) between the parties relating to the subject matter of this Agreed Protective Order that are not set forth herein.

SO ORDERED.

                                                    s/ Nanette K. Laughrey
                                                    NANETTE K. LAUGHREY
                                                    United States District Judge

Dated: January 22, 2016
Jefferson City, Missouri

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| XIANGNING WANG, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:15-cv-04191-NKL |
| v. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Missouri in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____