# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| XIANGNING WANG, individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 15-04191-CV-C-NKL<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER APPOINTING SPECIAL MASTER

In the interests of efficiency and timely adjudication of this dispute, and pursuant to Fed. R. Civ. P. 53, the Court appoints Leland M. Shurin to serve as Special Master and perform the duties described in this Order. The Special Master has extensive experience in litigation, serving as a Special Master, and serving as a mediator. Both parties recommend and consent to the appointment of Mr. Shurin. Mr. Shurin has filed the affidavit required by Rule 53(b)(3)(A), stating that there are no grounds for disqualification under 28 U.S.C. § 455. [Doc. 48.]

The appointment of the Special Master in this matter is necessary given the complexity of this case. At a minimum, the Special Master shall:

1) Review and attempt to resolve discovery conflicts;

2) Assist the parties with overseeing and developing a protocol for the most efficient production of electronic and hard copy documents and/or data;

3) Investigate the most practical manner in which relevant claims-related databases may be identified, produced and accessed in a usable manner by all parties;

4) Assist the parties with issues raised by electronically stored information;

5) Have the authority to hire technical advisers to assist with electronic discovery issues;

6) Have the authority to compel discovery;

7) Assist the Court with technical expertise, as necessary;

8) Propose structures and strategies for settlement negotiations;

9) Impose sanctions permitted by Rule 53(c)(2); and

10) As requested by the Court, conduct settlement negotiations.

The Special Master shall also have the authority to provide the Court a recommendation for resolution of any disputes concerning his duties if the dispute cannot be resolved consensually. The parties must file any objections to the Special Master's recommendations or motions to adopt or modify his recommendations no later than seven days after the recommendations are filed on ECF. Any party who fails to object to or make motions to adopt or modify the Special Master's recommendations shall be considered to have accepted the Special Master's recommendations. The Court will subsequently rule on the issues raised in the discovery dispute, and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit the matter to the master with further instructions.

The Special Master shall keep the Court updated as to his work in this matter. To this end, the Special Master shall provide the Court a written update every 30 days summarizing his work in the case and the progress made by the parties.

The Special Master shall be able to engage in *ex parte* communications with counsel, parties, and the Court. Specifically, the Special Master shall communicate with the parties and attorneys as necessary to permit the full and efficient performance of his duties. To this extent, the Special Master may freely engage in *ex parte* communications with counsel and the parties. The Special Master may engage in *ex parte* communications with the Court for the purposes of assisting the Court with legal analysis of the parties' submissions and to assist the court with issues of technical expertise.

The Special Master shall maintain and preserve certain records. These records include: normal billing records of time spent on the matter, with reasonably detailed descriptions of activities and matters worked on; formal written reports or recommendations regarding any matter; and documents received by the Special Master from counsel, parties, or other persons or entities concerning the issues in this case.

The terms of the Protective Order previously entered by the Court [Doc. 36] apply to the Special Master's handling of the records. If the Special Master submits anything to the Court that contains or would disclose information designated as Confidential under the Protective Order, the Special Master has the authority to submit under seal that portion which discloses Confidential information.

The Special Master shall be compensated at a rate of $350 an hour, with reimbursement for reasonable expenses. The Special Master shall also have the authority to hire technical advisers relating to his duties concerning electronic discovery. Any technical support staff retained by the Special Master may receive up to $100 per hour with verification that this cost is consistent with industry and area practices. At this time, the parties will share the costs of the Special Master and any technical advisers, subject to reconsideration by the Court after consultation with the Special Master. The Special Master shall submit an itemized statement of fees and expenses every 60 days to all counsel. The Special Master and any hired technical advisers shall make every effort to minimize their expenses while carrying out their duties set forth in this Order.

SO ORDERED.

    s/ Nanette K. Laughrey
    NANETTE K. LAUGHREY
    United States District Judge

Dated: March 30, 2016
Jefferson City, Missouri

-3-

Case 2:15-cv-04191-NKL   Document 49   Filed 03/30/16   Page 3 of 3