IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| XIANGNING WANG, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) No. 2:15-cv-04191-NKL |
| v. | ) ) ) |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Defendant Safeco Insurance Company of America moves for transfer of venue to the Eastern District of Missouri. Doc. 40. The motion is denied.

**I. Background**

In August 2015, Plaintiff Xiangning Wang filed this action on behalf of herself and a putative class in the Circuit Court of Cole County, Missouri. In September 2015, Safeco removed the case to the Western District of Missouri, which encompasses Cole County.

The dispute concerns an insurance contract that insured rental property located in St. Louis. When that rental property was damaged in a fire, Safeco depreciated the labor needed to repair the property. Wang contends that labor depreciation is not authorized by the language in her Safeco policy. She alleges that Safeco breached its contract with her and similarly situated policyholders in the state of Missouri when it depreciated labor costs.

Mr. Schmidt and his wife reside in St. Louis, Missouri.

**II. Discussion**

Safeco contends that this case should be transferred to the Eastern District of Missouri

because the Eastern District encompasses St. Louis, which is where the rental property is located and Wang lives.

Under 28 U.S.C. § 1404(a), the Court has broad discretion to transfer a case to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

*See also In re Apple, Inc.,* 602 F.3d 909, 912 (8th Cir. 2010) (whether to grant or deny a motion to transfer venue is within a trial court's discretion). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that transfer is warranted." *Id.* at 913.

When determining the propriety of transfer, the Court considers "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice," along with undertaking a case-specific evaluation of the circumstances surrounding the requested transfer to determine whether transfer is warranted. *Terra International, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997); *see also Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (noting that the Court must "weigh in the balance a number of case-specific factors"). The Supreme Court has discussed this analysis as follows:

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." § 1404(a).
>
> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to

2

the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. See *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 134 S.Ct. 568, 581, n.6 (2013).

### A. Convenience Factors

The Court first considers the balance of convenience factors relating to the parties' private interests, including:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra International,* 119 F.3d at 696.

A review of these factors indicates that there will be no significant increase in convenience for the parties or the Court if the case is transferred to the Eastern District of Missouri. Defendant argues that as the dispute arose in St. Louis, most of the witnesses and evidence relevant to the lawsuit will presumably be located within the Eastern District. She points to one Safeco adjuster who is located in St. Louis, as well as two contractors and a public adjuster who are located there. Wang, as well as her spouse, who was identified as a person with knowledge of the damage and the claim process, are located in St. Louis. One of the employees whom Safeco identified is located in Kansas City, Missouri, and another is located out of state,

3

in Kansas or California.

Whether evidence is located within the Eastern District, transfer of the case to the Eastern District would not substantially decrease the costs associated with discovery. Relevant documents are likely to be produced electronically. Furthermore, this Court routinely holds teleconferences rather than requiring counsel and parties to travel to Jefferson City. The distance for two of Safeco's employees to travel is shorter if this case is not transferred.

More importantly, Safeco has not shown that the discovery it describes is sufficiently likely to occur to justify transfer. The focus of this lawsuit is on disputed language in an insurance policy. Was it proper for Safeco to depreciate labor when it calculated actual cash value? The pleadings in this case do not appear to question the reasonableness of the repairs made, so any testimony by the claims adjustor or the contractor about who did the repairs is unlikey to be relevant. Likewise, Safeco has not indicated how the testimony of an insured would clarify whether the insurance contract authorizes labor to be depreciated. Nor has Safeco suggested any defense that it intends to raise which would revolve around evidence located in St. Louis. Based on the Court's prior experience with similar cases, it is not aware of any such likely evidence located in St. Louis.

It is also unlikely that transfer would significantly impact potential witnesses. Rule 45 provides that the Court may issue subpoenas "at any place within the United States." Fed. R. Civ. P. 45(b)(2). Moreover, the district in which the action is pending will have no impact on the location of any depositions as "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It would be unreasonable for the parties to require deponents to appear for depositions in Jefferson City simply because that is where the

4

Court is located. The location of any depositions will be determined by factors which have nothing to do with the location of the courthouse.

If witnesses are needed to testify in court it is also unlikely that they will be significantly burdened by the action remaining in the Western District. The Court may command witnesses to attend trials and hearings "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c). Witnesses in St. Louis will likely be able to compelled to attend under the second provision, as St. Louis is approximately 120 miles from Jefferson City. Witnesses should not be significantly burdened by having to travel this distance should appearances at a hearing or trial be required, which is highly unlikely.

While the events resulting in this lawsuit occurred in St. Louis, which is within the Eastern District, the Court concludes that this factor bears less on the propriety of transfer in this case where transfer is sought from one Missouri District Court to another, than in other cases where transfer between states is sought. *See Simpkins v. Univ. of Kansas Hospital*, 2016 WL 738229 (W.D. Mo. Feb. 23, 2016). The same substantive law will apply in the case regardless of whether it is heard in the Eastern or Western District. Neither party has identified any procedural quirks in either of the courts' local rules which will bear on this case. As the case is alleged to affect not only the named Plaintiff, but also class members residing throughout the Eastern and Western Districts, neither district has a significantly greater interest in the outcome of the dispute than the other.

### B. Interests of Justice Factors

The Court must also consider factors influencing the wider interests of justice in this

5

case, including:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra International*, 119 F.3d at 696. These factors do not justify transfer.

In general, courts give considerable deference to a plaintiff's choice of forum when the plaintiff resides within the forum; however, courts are much less apt to defer if the plaintiff does not reside within the chosen forum. *See In re Apple*, 602 F.3d at 913; *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 930 (W.D. Mo. 1985); *Leonard v. Delaware North Companies Sport Service, Inc.*, 2015 WL 4935094, at *4 (W.D. Mo. Aug. 18, 2015).

However, none of the other listed public interest factors weighs heavily in favor of transfer. *See Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 927-28 (W.D. Mo. 1985). Factors four through seven are neutral as both the Eastern District and the Western District fall within Missouri and the relevant law binding the courts is the same. Moreover, nothing indicates that either party would have difficulty enforcing a judgment or obtaining a fair trial in the Eastern or Western District. As discussed above, the comparative costs to the parties of litigating in each forum are largely the same. While the costs to the Plaintiff of litigating in the Eastern District are likely slightly lower as Plaintiff's attorneys are located in St. Louis and Minnesota, the costs to the Defendant of litigating in the Western District are likely slightly lower as Defendant's attorneys are located in Dallas Texas, and Kansas City, Missouri. As each party is advocating against the forum which would likely prove cheapest for itself, this factor is largely neutral. Further, the location of a party's lawyer is not significant. Otherwise, the choice of lawyers could assist a party who is primarily forum shopping.

Finally, the issue most likely to be in dispute in this case is whether labor is depreciable when actual cash value is calculated. This very issue has been previously addressed by the Court and therefore, as a practical matter, judicial economy is better served by this case being resolved in the Western District of Missouri.

As the Defendant has not shown that the "balance [of interests] is strongly in favor" of transfer, the Court declines to exercise its discretion to transfer the case to the Eastern District of Missouri. *Harrington v. Wilbur*, 384 F.Supp.2d 1321, 1327 (S.D. Iowa 2005).[1]

### III. Conclusion

For the reasons set forth above, Defendant's motion to transfer, Doc. 40, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 9, 2016
Jefferson City, Missouri

---

[1] The Court has previously granted transfer in the cases cited by Safeco. *Williams v. Advance America,* 2007 WL 3326899 (W.D. Mo. Nov. 6, 2007); *Leonard v. Delaware North Companies Sport Service, Inc.*, 2015 WL 4935094 (W.D. Mo. Aug. 18, 2015); *Simpkins v. Univ. of Kansas Hosp. Aut.*, 2016 WL 738229 (W.D. Mo. Feb. 23, 2016). However, those cases were substantially more likely to raise disputed issues of fact, making some forums substantially more convenient than others. Further, those cases did not involve a primarily legal dispute that had previously been addressed by the Court. They are therefore distinguishable.